**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NOE ANTONIO GRANADOS-ROMERO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73875 <br><br> Agency No. A098-355-725 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Noe Antonio Granados-Romero, a native and citizen of El Salvador,

petitions pro se for review of the decision of the Board of Immigration Appeals

which dismissed his appeal from the immigration judge's denial of his applications

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal and relief under the Convention Against Torture.

We reject Granados-Romero's claim that he is eligible for asylum based on his membership in a particular social group, namely persons who suffer persecution due to gang activity and the El Salvador government's inability to control gangs. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a social group "young men in El Salvador resisting gang violence"). We also reject Granados-Romero's political opinion claim based on his resistance to the gangs. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992) (resisting forced recruitment does not necessarily constitute persecution on account of political opinion); *Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009) (resistance to gang recruitment does not constitute political opinion). Because Granados-Romero failed to demonstrate that he was persecuted on account of a protected ground, we uphold the agency's denial of his withholding of removal claim. *Id.* at 856.

We lack jurisdiction to consider Granados-Romero's contention that he is entitled to asylum and withholding relief based on his family constituting a social group because Granados-Romero failed to raise the claim before the BIA, and

therefore he did not exhaust the claim. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cit. 2004).

**PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.**